Case 08-09107   Filed 04/20/10   Doc 24

FILED
April 20, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002571023

D-1

Michael S. Warda, C.S.B. #176360
WARDA & YONANO, LLP
2350 W. Monte Vista Avenue
Turlock, California 95382
Telephone: (209) 667-1889
Fax: (209) 667-1809

Attorney for Debtor - BELLA VISTA BY PARAMONT, LLC and Defendants - WARDA & YONANO, LLP, J.C. WILLIAMS COMPANY, JCW-CYPRESS HOME GROUP and JOHN C. WILLIAMS

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

COUNTY OF STANISLAUS

| | |
|---|---|
| IN RE: | Case No. 07-90770-D-7 |
| BELLA VISTA BY PARAMONT, LLC | Chapter 7 |
| Debtor, | Adv. Proc. No.: 08-09107-D |
| | **DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| GARY FARRAR, CHAPTER 7 TRUSTEE | |
| Plaintiff, | |
| v. | Date: April 26, 2010 |
| WARDA & YONANO, LLP, a limited liability partnership; J.C. WILLIAMS COMPANY, a California corporation, JCW-CYPRESS HOME GROUP, a California limited partnership, JOHN C. WILLIAMS, an individual, | Time: 9:300 a.m. |
| | Place: 1200 I Street, Suite 4 |
| | Modesto, CA 95354 |
| | Dept. D |
| | Judge: Hon. Ronald Sargis |
| Defendants. | |

## FINDINGS OF FACT

1. John C. Williams is a resident of the State of California

1

2.	J.C. Williams Company is a California corporation.

3.	JC Williams Corporation was at all times relevant the general partner of JCW Cypress Home Group a California Limited Partnership (hereinafter "JCW").

3.	At all times relevant to the matter at issue, JCW was the sole remaining member of Bella Vista by Paramont, LLC, the Debtor.

4.	Warda & Yonano, LLP was one of several law firms utilized by Bella Vista, JC Williams Company and JCW.

5.	On or about November 24, 2006, JCW received a check from former member of Bella Vista, Denny Brooks, Inc. pursuant to that certain Settlement Agreement dated June 9, 2003 (Defendant's Exhibit "A").

6.	The payment in the sum of $100,000.00 was in consideration the indemnity obligation of JCW in connection with outstanding litigation with Ross Carroll, Inc. ("RCI"), the sole claimant in the underlying.

7.	JCW contends that as of the date the $100,000.00 was tendered to Warda & Yonano, LLP, Bella Vista had no obligations to RCI or any party other than Warda & Yonano and JCW.

8.	Each Defendant, in good faith and without knowledge of the voidability of the transfer participated in the ultimate release of the funds to Warda & Yonano, LLP, the last remaining creditor of Bella Vista (other than JCW).

9.	Bella Vista's original liability to RCI arose pursuant to the terms of that certain Judgment entered on January 28, 2004. (Defendant's Exhibit "B").

10.	The Judgment made it clear that any payments made to Preston Pipeline would credit against any amount Bella Vista owed RCI. Payments made by American Motorist Insurance Company, exceed the amount Bella Vista owed RCI, therefore the Judgment debt of

Bella Vista to RCI was satisfied.

11. Warda and Yonano, LLP, and through its various attorneys, performed a wide variety of legal services to JCW, J.C. Williams Company and Bella Vista for specific purposes and unrelated to the overall direction and control of these companies.

12. At no time has there been anything other than arm's length transactions between each of the defendants.

13. Neither Warda and Yonano, LLP or its various attorneys have ever held a power of attorney over any business matter.

14. All transactions between my companies and Warda & Yonano, LLP were for commercial reasons.

15. At the time the $100,000.00 payment was received from DBI, JCW was owed well in excess of 100k advanced for Bella Vista's share of litigation expenses in the matter which resulted in the Exhibit "B" Judgment.

16. JCW had limited partners that were not involved in Bella Vista.

17. Warda & Yonano, LLP was authorized to credit the $100,000.00 to Bella Vista accounts and then to JCW accounts.

18. Bella Vista by Paramont had no debt to any party not a defendant herein and had not written a check since August 15, 2003. Other than the single disputed claim of RCI, no creditors existed for three years before the $100,000.00 was made by Denny Brooks Inc. to JCW.

19. Bella Vista was not insolvent as intended by 11 U.S.C.§547 in that it had no obligations to any non-defendant, third party that were unsatisfied.

20. The payment of the $100,000.00 was owed by the payor, Denny Brooks, Inc. entirely to JCW.

3

## CONCLUSIONS OF LAW

21. The $100,000.00 funds were properly the funds of JCW and not the Debtor, therefore Plaintiff may not recover.

22. Plaintiff may not recover pursuant to 11 USC § 550(b)(1) since defendants accepted the Transfer as satisfaction of an antecedent debt, in good faith, and without knowledge of the voidability of the transfer.

23. Plaintiff cannot establish that it has satisfied 11U.S.C. §547, because it cannot establish that at the time of the transfer that the Debtor was insolvent.

24. The Transfer does not satisfy 11 U.S.C. §547(b)(5) in that it does not establish that the Defendants received for that they would have received through a Chapter 7 since Debtor had no valid claims other than those of the defendants.

Dated April 19, 2010

WARDA & YONANO, LLP

Michael S. Warda
Attorneys for Defendants

# PROOF OF SERVICE

I, April Kimble, declare:

I am employed in Stanislaus County, California. I am over the age of eighteen (18) years and not a party to this action. My business address is: 2350 W. Monte Vista Avenue, Turlock, CA 95382.

On the date set forth below, I served the **FINDINGS OF FACT AND CONCLUSIONS OF LAW** in the manner(s) selected:

[ ]    (U.S. MAIL) by placing a true and correct copy thereof enclosed in a sealed envelope with first class postage fully prepaid for collection and mailing at the Law Offices of Warda & Yonano, 2350 W. Monte Vista Avenue, Turlock, California, addressed as set forth below. I am readily familiar with the Law Offices of Warda & Yonano's practice for collection and processing of correspondence for mailing with the United States Postal Services. Pursuant to those practices, said envelope would be deposited with the United States Postal Service the same day in the ordinary course of business.

[ ]    (OVERNIGHT DELIVERY) by placing a true and correct copy thereof enclosed in a sealed envelope for overnight delivery, in a box or other facility regularly maintained by an express service carrier, or delivered to an authorized courier or driver authorized by that express service carrier, with delivery fees prepaid or provided for, addressed as set forth below.

[ ]    (PERSONAL DELIVERY) by personal delivery of a true and correct copy thereof, enclosed in a sealed envelope, to the address set forth below.

[x]    (FACSIMILE) by transmission to a facsimile telecopier maintained by the person on whom it is served at the facsimile telecopier number set forth below.

Clifford W. Stevens, Esq.
NUEMILLER & BEARDSLEE
P. O. Box 20
Stockton, CA 95203

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Turlock, California, on April ___, 2010

_____
April Kimble

5