Case 08-09107   Filed 04/19/10   Doc 25

FILED
April 19, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002569328

4

CLIFFORD W. STEVENS (SBN: 148918)
NEUMILLER & BEARDSLEE
A PROFESSIONAL CORPORATION
Post Office Box 20
Stockton, CA 95203
Telephone: (209) 948-8200
Facsimile: (209) 948-4910

Attorneys for
Gary Farrar, Chapter 7 Trustee

UNITED STATES BANKRUPTY COURT

EASTERN DISTRICT OF CALIFORNIA

MODESTO DIVISION

| | |
|---|---|
| In re<br><br>BELLA VISTA BY PARAMONT, LLC<br><br>Debtor, | Case No. 07-90770-D-7<br><br>DC No.:<br><br>CHAPTER 7 |
| GARY FARRAR, CHAPTER 7 TRUSTEE<br><br>Plaintiff,<br><br>vs.<br><br>WARDA & YONANO, a Limited Liability Partnership, J.C. WILLIAMS COMPANY, a California Corporation, JCW-CYPRESS HOME GROUP, a California Limited Partnership, JOHN C. WILLIAMS, an individual,<br><br>Defendants. | Adv. Proc. No.: 08-09107-D<br><br>PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW<br><br>Date: April 26, 2010<br>Time: 9:30 a.m.<br>Place: 1200 I Street, Suite 4<br>      Modesto, CA 95354<br>      Courtroom 33<br>Judge: Hon. Ronald H. Sargis |

## **FINDINGS OF FACT**

1. Plaintiff Gary Farrar is the duly qualified and acting Chapter 7 trustee in this case.

2. Bella Vista by Paramont, LLC is a California limited liability company ("Debtor").

3. Defendant WARDA & YONANO is a California Limited Liability Partnership ("W&Y").

4.       Defendant Defendants J.C. WILLIAMS COMPANY is a California Corporation ("Williams Company").

5.       Defendant JCW-CYPRESS HOME GROUP is a California Limited Partnership ("Cypress").

6.       Defendant JOHN C. WILLIAMS is an individual residing in the State of California ("Williams").

7.       At all times herein, Defendant W&Y was, and continues to be, the attorneys for Debtor, Williams Company, Cypress, and Williams. (Defendants W&Y, Williams Company, Cypress, and Williams are collectively referred to herein as "Defendants")

8.       On or about November 29, 2006, Defendant W&Y received cashier's check no. 001909302 in the amount of $100,000 payable to Debtor in settlement of a prepetition civil proceeding (the "Check").

9.       The Check was deposited into the Client Trust Account of Defendant W&Y's Client Trust Account ("the Deposit").

10.       The Check was received and the deposit was made within one year from the Debtor's bankruptcy Petition.

11.       The proceeds of the Check were controlled by Williams and Williams directed that W&Y pay itself on various invoices from the Deposit.

12.       Williams is an officer, director, and person in control of Debtor, Williams Company, and Cypress.

13.       At the time of the Deposit, Debtor owed Cypress an amount in excess of the amount of the Deposit.

14.       All of the proceeds from the Check were subsequently used to pay Defendant W&Y attorneys' fees (hereinafter "Transfers").

15.       All of the proceeds from the Check were subsequently used to pay Defendant W&Y attorneys' fees incurred by Debtor, Williams Company, Cypress, and Williams.

16.       Defendant W&Y was a creditor of the Debtor at the time of the Transfers.

17.       Defendant Cypress was a creditor of the Debtor at the time of the Transfers.

18.  Each Transfer was a transfer of an interest in property of the Debtor.

19.  All of the Transfers were made for or on account of the antecedent debt owed by the Debtor to Defendant Cypress and Defendant W&Y.

20.  Debtor was insolvent at the time of the Deposit and the Transfers.

21.  At least $16,000 of the Transfers was made on or within ninety days before the Petition Date.

22.  The Transfers enabled Defendants W&Y and Cypress to receive more than they would receive if the Transfers had not been made and were instead paid to the extent provided by provisions of Title 11, of the United States Code.

23.  Defendant W&Y was the initial transferee, or alternatively, the immediate or mediate transferee of the proceeds from the Check as described in 11 U.S.C. §550(a)(1) and (2).

24.  Defendant Williams Company was the initial transferee, or alternatively, the immediate or mediate transferee of the proceeds from the Check as described in 11 U.S.C. §550(a)(1) and (2).

25.  Defendant Cypress was the initial transferee, or alternatively, the immediate or mediate transferee of the proceeds from the Check as described in 11 U.S.C. §550(a)(1) and (2).

26.  Defendant Williams was the initial transferee, or alternatively, the immediate or mediate transferee of the proceeds from the Check as described in 11 U.S.C. §550(a)(1) and (2).

## CONCLUSIONS OF LAW

27.  This court has jurisdiction over this adversary proceeding, which is a core proceeding in bankruptcy. 28 U.S.C. § 157(b)(2)(I).

28.  Plaintiff has met the elements of 11 U.S.C. § 547.

29.  The $100,000 Transfer was to or for the benefit of a creditor (i.e. Defendants), for or on account of an antecedent debt before the transfer was made, and made within one year before the filing of the Debtor's petition. Each of the Defendants was, at the time of the Transfer, an "insider" pursuant to 11 U.S.C. § 101 (31 ).

30. The Debtor was insolvent at all times from July 30, 2006 to July 30, 2007.

31. The Transfer meets the requirements of 11 U.S.C. § 547(b)(5) in that it enabled each of the Defendants to receive more than they would have received through a Chapter 7 liquidation of Debtor's estate.

Dated: April 19, 2010

NEUMILLER & BEARDSLEE
A PROFESSIONAL CORPORATION

By: _____
CLIFFORD W. STEVENS
Attorneys for Plaintiff/Chapter 7 Trustee
GARY FARRAR