

```
FILED
APR 26 2010
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
```

1  Michael S. Warda, C.S.B. #176360
   WARDA & YONANO, LLP
2  2350 W. Monte Vista Avenue
   Turlock, California 95382
3  Telephone: (209) 667-1889
   Fax: (209) 667-1809
4

5

6  Attorney for Debtor - BELLA VISTA BY PARAMONT, LLC and Defendants - WARDA &
   YONANO, LLP, J.C. WILLIAMS COMPANY, JCW-CYPRESS HOME GROUP and JOHN
   C. WILLIAMS

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## COUNTY OF STANISLAUS

| | |
|---|---|
| IN RE: | Case No. 07-90770-D-7 |
| BELLA VISTA BY PARAMONT, LLC | Chapter 7 |
| Debtor, | Adv. Proc. No.: 08-09107-D |
| | DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW |
| GARY FARRAR, CHAPTER 7 TRUSTEE | |
| Plaintiff, | |
| v. | Date: April 26, 2010 |
| | Time: 9:300 a.m. |
| WARDA & YONANO, LLP, a limited liability partnership; J.C. WILLIAMS COMPANY, a California corporation, JCW-CYPRESS HOME GROUP, a California limited partnership, JOHN C. WILLIAMS, an individual, | Place: 1200 I Street, Suite 4 Modesto, CA 95354 Dept. D |
| | Judge: Hon. Ronald Sargis |
| Defendants. | |

## FINDINGS OF FACT

1.    John C. Williams is a resident of the State of California

2. J.C. Williams Company is a California corporation.

3. JC Williams Corporation was at all times relevant the general partner of JCW Cypress Home Group a California Limited Partnership (hereinafter "JCW").

3. At all times relevant to the matter at issue, JCW was the sole remaining member of Bella Vista by Paramont, LLC, the Debtor.

4. Warda & Yonano, LLP was one of several law firms utilized by Bella Vista, JC Williams Company and JCW.

5. On or about November 24, 2006, JCW received a check from former member of Bella Vista, Denny Brooks, Inc. pursuant to that certain Settlement Agreement dated June 9, 2003 (Defendant's Exhibit "A").

6. The payment in the sum of $100,000.00 was in consideration the indemnity obligation of JCW in connection with outstanding litigation with Ross Carroll, Inc. ("RCI"), the sole claimant in the underlying.

7. JCW contends that as of the date the $100,000.00 was tendered to Warda & Yonano, LLP, Bella Vista had no obligations to RCI or any party other than Warda & Yonano and JCW.

8. Each Defendant, in good faith and without knowledge of the voidability of the transfer participated in the ultimate release of the funds to Warda & Yonano, LLP, the last remaining creditor of Bella Vista (other than JCW).

9. Bella Vista's original liability to RCI arose pursuant to the terms of that certain Judgment entered on January 28, 2004. (Defendant's Exhibit "B").

10. The Judgment made it clear that any payments made to Preston Pipeline would credit against any amount Bella Vista owed RCI. Payments made by American Motorist Insurance Company, exceed the amount Bella Vista owed RCI, therefore the Judgment debt of

Bella Vista to RCI was satisfied.

11. Warda and Yonano, LLP, and through its various attorneys, performed a wide variety of legal services to JCW, J.C. Williams Company and Bella Vista for specific purposes and unrelated to the overall direction and control of these companies.

12. At no time has there been anything other than arm's length transactions between each of the defendants.

13. Neither Warda and Yonano, LLP or its various attorneys have ever held a power of attorney over any business matter.

14. All transactions between my companies and Warda & Yonano, LLP were for commercial reasons.

15. At the time the $100,000.00 payment was received from DBI, JCW was owed well in excess of 100k advanced for Bella Vista's share of litigation expenses in the matter which resulted in the Exhibit "B" Judgment.

16. JCW had limited partners that were not involved in Bella Vista.

17. Warda & Yonano, LLP was authorized to credit the $100,000.00 to Bella Vista accounts and then to JCW accounts.

18. Bella Vista by Paramont had no debt to any party not a defendant herein and had not written a check since August 15, 2003. Other than the single disputed claim of RCI, no creditors existed for three years before the $100,000.00 was made by Denny Brooks Inc. to JCW.

19. Bella Vista was not insolvent as intended by 11 U.S.C.§547 in that it had no obligations to any non-defendant, third party that were unsatisfied.

20. The payment of the $100,000.00 was owed by the payor, Denny Brooks, Inc. entirely to JCW.

## CONCLUSIONS OF LAW

21. The $100,000.00 funds were properly the funds of JCW and not the Debtor, therefore Plaintiff may not recover.

22. Plaintiff may not recover pursuant to 11 USC § 550(b)(1) since defendants accepted the Transfer as satisfaction of an antecedent debt, in good faith, and without knowledge of the voidability of the transfer.

23. Plaintiff cannot establish that it has satisfied 11U.S.C. §547, because it cannot establish that at the time of the transfer that the Debtor was insolvent.

24. The Transfer does not satisfy 11 U.S.C. §547(b)(5) in that it does not establish that the Defendants received for that they would have received through a Chapter 7 since Debtor had no valid claims other than those of the defendants.

25. Warda & Yonano, LLP was not an insider as defined by 11 U.S.C. §101(31)

Dated April 26, 2010　　　　　　　　　　　　WARDA & YONANO, LLP

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Michael S. Warda
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants