FILED

AUG 17 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

MODESTO DIVISION

| | |
|---|---|
| In re<br><br>BELLA VISTA BY PARAMONT, LLC,<br><br>        Debtor(s). | Case No. 07-90770-E-7 |
| GARY FARRAR, Chapter 7 Trustee,<br><br>        Plaintiff(s),<br>v.<br><br>WARDA & YONANO, a Limited Liability Partnership, J.C. WILLIAMS COMPANY, a California Corporation, JCW-CYPRESS HOME GROUP, a California Limited Partnership, and JOHN C. WILLIAMS,<br><br>        Defendant(s). | Adv. Pro. No. 08-9107 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
COSTS BILL AND INTEREST**

Prevailing Plaintiff seeks to recover interest at the rate of four percent (4%), compounded, on the $100,000.00 judgment amount for a preference. Plaintiff asserts that interest may be recovered from one of several alternative dates,

November 29, 2006, the date that the Defendant received the

$100,000.00 payment which was determined to be a preference.

December 21, 2006, the date that Defendant deposited the $100,000.00 payment which was determined to be a preference into Defendant's bank account.

December 9, 2008, the date the adversary proceeding to recover the preference was filed.

As stated by Plaintiff, awards of pre-judgment interest are governed by considerations of fairness and are awarded when it is necessary to make the wronged party whole. United States v. California State Bd. Of Equalization, 650 F. Ed 1127 (9th Cir. 1981), aff'd, 456 U.S. 901 (1982). In federal question cases, absent of an applicable statute the awarding of prejudgment interest is left to the discretion of the court. City of Milwaukee v. Cement Div. Nat'l Gypsum Co., 515 US 189 (1995).

In this case, the court rejects the Plaintiff's contention that prejudgment interest is computed from the date the payment was received by Warda & Yonano ("Defendant"). The fact that the Debtor chose to pay the Defendant was not alleged to be improper under either federal or state law. The Trustee's action asserted that it should be set aside as preference, payment within one year to an insider, or as a fraudulent conveyance to the extent paid for services rendered to related entities.

The Defendant opposed the complaint, alleging among its defenses that it was not an insider such that the extended one-year statute of limitations should apply for payments it received for obligations owed by the Debtor. Because the action was filed within the one-year statute of limitations for fraudulent conveyances under 11 U.S.C. §549, the issue of whether Defendant

2

was an insider is not relevant. Under the fraudulent conveyance theory, Plaintiff sought recovery based on the Debtor having paid money to the Defendant in excess of any obligation owed by the Debtor to Plaintiff, irrespective of how Defendant applied the money to accounts of others.

Plaintiff did not provide the court with a breakdown of what had been paid to Defendant based upon a pre-existing obligation of the Debtor (the preference claim) and that which was in excess of the obligation owed by the Debtor (the fraudulent conveyance claim). The policy underlying awarding prejudgment interest was stated in United States ex rel. Bernard v. Casino Magic Corp., 384 F.3d 510, 516 (8th Cir. 2004), to be,

> The purpose of awarding prejudgment interest is to compensate the prevailing party for its true money damages, to encourage settlements, and to deter parties from benefitting from unfairly delaying litigation. Val-U Constr. Co. v. Rosebud Sioux Tribe, 146 F.3d 573, 582 (8th Cir. 1998). To that end, generally prejudgment interest should be awarded, absent exceptional circumstances. See, Turn Key Gaming, Inc. v. Oglala Sioux Tribe, 313 F.3d 1087, 1093 (8th Cir. 2002). Often cited examples of such circumstances include the claimant's bad faith, the claimant's assertion of frivolous claims, and the claimant's repeated delay tactics. See e.g. City of Milwaukee v. Cement Div., Nat'l Gypsum Co., 515 U.S. 189, 196, 132 L. Ed. 2d 148, 115 S. Ct. 2091 (1995); Stroh Container Co. v. Delphi Indus., Inc., 783 F.2d 743, 752 (8th Cir. 1986).

In the present case, there existed the factual issue of whether the Defendant was an insider for at least some portion of the amount at issue. Plaintiff did not identify for the court what portion related to this defense and what portion related to the fraudulent conveyance, for which such defense was irrelevant. From the presentation at trial, it does not appear that either party engaged in conduct to unfairly delay the trial, or conversely, to

clearly identify the specific amounts at issue for the two claims (preference and fraudulent conveyance).

While the Plaintiff could argue that at least from the date of the suit Defendant elected to defend the action rather than capitulate, and thereby had the use of Plaintiff's money, it is not clear that the Plaintiff clearly laid out the Defendant's liability sufficient to warrant the award of interest in this case. The application for prejudgment interest is denied.

Local Rule 292, Eastern District Court Local Rules, incorporated in the Local Bankruptcy Rules of Eastern District Bankruptcy Court, requires that a costs bill be filed within 14 days of entry of the judgment. The cost bill shall itemize the costs and shall be supported by a memorandum of costs and affidavit of counsel. Cost bill forms are available from the clerk of the court and the court website.

No opposition to the Bill of Costs was filed by the Defendant. The court allows the following costs:

|  |  |  |
|---|---|---|
| Filing Fee | $150.00 | |
| Photocopies | $216.70 | (2,167 copies at $.10 costs) |
| Witness Fees | $112.25 | |
| Docket Fees | $ 20.00 | |
|  | $498.95 | |

The court allows the photocopies at a cost of $0.10 per page. Plaintiff showed no basis for a charge of $0.25 per page for the copies. Recovery of costs is for the actual cost expended and not to generate a profit. $0.10 per page is consistent with the costs of commercial copies obtainable at an attorney's office or copies made at a business providing copier machines for use by the public.

The clerk shall issue a costs bill taxing costs in the amount of $498.95, which may be enforced as part of the judgment in this

Dated: August 17, 2010                By the Court

*[signature]*
Ronald H. Sargis, Judge
United States Bankruptcy Court

This document does not constitute a certificate of service. The parties listed below will be served a separate copy of the attached document(s).

---

Clifford Stevens
PO Box 20
Stockton, CA 95201-3020

Michael Warda
2350 W Monte Vista
Turlock, CA 95382

Bella Vista By Paramont, LLC
PO Box 4878
Modesto, CA 95352

Gary Farrar
PO Box 576097
Modesto, CA 95357

Office of the U.S. Trustee
Robert T Matsui United States
  Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814